[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Dion L. Johnson appeals from his conviction, following a jury trial, for his possession of cocaine, in violation of R.C. 2925.11(A). The appellant was sentenced to two years' confinement in the department of corrections. In his one assignment of error, the appellant challenges both the sufficiency and the weight of the evidence sustaining his conviction.
A review of a sufficiency-of-the-evidence challenge requires us to determine whether the evidence, viewed in a light most favorable to the state, could have convinced any reasonable trier of fact beyond a reasonable doubt that the defendant had committed the offense for which he was convicted. See State v. Jenks (1991), 61 Ohio St.3d 259-260,574 N.E.2d 492, paragraph two of the syllabus. The conviction will not be disturbed unless the reviewing court holds that reasonable minds could not reach the conclusion reached by the trier of fact. See Id. at 273,574 N.E.2d at 503.
R.C. 2925.11(A) states, "No person shall knowingly obtain, possess, or use a controlled substance." Cincinnati Police Officers Michael Fern and Melissa Cummins were working a Cincinnati Metropolitan Housing detail on March 31, 2000, from ten in the evening until two o'clock in the morning. Officer Fern testified that because there was high drug-related activity in the area, they are paid extra to patrol there. Both officers were in uniform and in a marked police cruiser. They were driving along when they saw the appellant leaning on a parked automobile. He was on the sidewalk side of the automobile. Officer Fern rolled down his window to ask the appellant if he owned the automobile, pointing out that, if not, the owner surely would not appreciate his behavior. The appellant was smoking a cigar at the time. He immediately dropped the cigar. While the officer continued talking to the appellant, the appellant leaned over to retrieve his cigar. During that retrieval, Officer Fern saw a baggie containing a white substance fall from a shirt pocket of the appellant.
Officer Fern immediately jumped out of the cruiser with his gun drawn, came around closer to the appellant, and saw the appellant trying to shove the baggie into a hubcap. Officer Cummings testified that when she heard her partner scream, "Let me see your hands," and saw him draw his weapon out, she exited from the cruiser and proceeded to handcuff the appellant as ordered. She saw the appellant pull his hand away from the hubcap. She then saw the baggie in the hubcap and retrieved it. The coroner's lab report, which identified the substance in the baggie as 7.38 grams of crack cocaine, was stipulated to by all parties at trial. In viewing the evidence in a light most favorable to the state, we hold that a rational trier of fact could have found that the state had proved all the elements for the possession of drugs beyond a reasonable doubt.
Our review of the record further persuades us that the jury, acting as the trier of fact and resolving the various factual disputes in the testimony, did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541,546-547. The weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine. See Statev. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Accordingly, the appellant's single assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.